CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
November 03, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DEMETRIUS HODGE, )<br>  Plaintiff, ) | Civil Action Nos. 7:25-cv-00293 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| UNIT MANAGER CAUGHRON, *et al.*, ) | Chief United States District Judge |
|   Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff Demetrius Hodge, a Virginia inmate proceeding *pro se*, has filed this civil rights action pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.) This matter is before the court for review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the court concludes that Hodge has failed to state a claim for which relief can be granted, and his claims must be dismissed.

Pursuant to 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." A complaint is subject to dismissal if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915A(b)(1), (2); *see also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted)

Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Applying these

standards to Hodge's complaint, the court concludes that it does not state any actionable claims under federal law. Thus, it must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Hodge's complaint is that he has been housed in restricted status, the Restricted Housing Unit, at Wallens Ridge State Prison since October 9, 2024. Hodge asked to be transferred but his request was refused. Plaintiff asks for damages and injunctive relief, presumably in the form of a transfer or removal from RHU.

The court construes Hodge's complaint as attempting to state an Eighth Amendment conditions of confinement claim. Such a claim requires allegations of two elements: that a prisoner suffered a "deprivation of a basic human need" that was objectively "sufficiently serious" and that, subjectively, defendants acted with a "sufficiently culpable state of mind." *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995). Plaintiff has not plausibly alleged that he was deprived of any basic human needs in a manner that was sufficiently serious because his complaint does not include any allegations about the type of conditions he has endured in restricted housing. Hodge has also not plausibly alleged a claim against any of the defendants because, aside from naming defendants in the caption of the complaint, he does not allege how any of the defendants acted to deprive him of his constitutional rights. *See Howard v. Mays*, C/A/ No. 8:23-cv-01703-DCN-JDA, 2023 WL 11959785, at *6 (D.S.C. Sept. 1, 2023) (dismissing complaint because "as recently reiterated by the Fourth Circuit, general, conclusory, and collective allegations against groups of defendants fail to establish fail to allege a plausible claim") (citing *Langford v. Joyner*, 62 F.4th 122, 125 (4th Cir. 2023)).

For these reasons, the court will issue an appropriate order dismissing this matter without prejudice.

Entered: November 3, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge